# United States District Court
# Central District of California

EMILY ELSON, et al.,

    Plaintiff,

v.

ASHLEY BLACK, et al.,

    Defendants.

Case № 2:18-CV-00116-ODW (RAOx)

**ORDER ON MOTIONS TO DISMISS [45], [46], [47], [48], [63], and [64]**

## I. INTRODUCTION

Presently before the Court are Motions to Dismiss and a Motion to Strike filed by Defendants ADB Innovations, ADB Interests, LLC, and Ashley Diana Black International Holdings (collectively "Defendants"). In the interest of judicial economy, the Court resolves only Defendants' motions to dismiss concerning 12(b)(2) and (4)–(5). For the reasons to follow, the Court **STRIKES**[1] Defendants' motion to

---

[1] The Court **STRIKES** Defendants' motions (ECF Nos. 63–64.) because Defendants have blatantly attempted to circumvent the Court's Order (ECF No. 43) by submitting a 35-page motion with 130 footnotes and another 32-page motion with 113 footnotes. Clearly, Defendants' motion would have exceeded the exceptionally generous page limitation of 35 pages had Defendants included their footnotes in the body of the motions. Accordingly, Defendants' motions are in deliberate violation of C.D. Cal. L.R. 11-6. Therefore, the motions are stricken. *See, e.g., Roberts v. Brown*,

dismiss (ECF No. 63) and motion to strike (ECF No. 64); **DENIES** Defendants' motion to dismiss for insufficient process and failure to timely serve (ECF No. 47); **DENIES** Defendants' motion to dismiss for lack of personal jurisdiction (ECF No. 46); and **TRANSFERS** the matter to the Southern District of Texas to cure want of personal jurisdiction and in the interest of justice.

## II. FACTUAL BACKGROUND

The instant matter is a putative class action involving the FasciaBlaster, a self-care product. According to Plaintiffs, Defendants market the product on AshleyBlackGuru.com, which contains statements indicating that use of the FasciaBlaster "lessens the look of cellulite," "[i]mproves blood flow," "[h]elps reduce pain," and "accelerates muscle recovery." (Consolidated Am. Compl. ("CAC") ¶ 181, ECF No. 37.) Moreover, Plaintiffs maintain members of the class read the following statement prior to purchasing a FasciaBlaster online: "FasciaBlaster® is designed for self-treatment and can be used by anyone on any area of the body. With regular use of the FasciaBlaster®, one can expect pain reduction and improved flexibility, joint function, circulation, muscle definition and performance, nerve activity, posture, and enhanced beauty including the virtual elimination of CELLULITE." (CAC ¶ 4.)

Defendant Ashley Black is "an individual who is the founder and principal owner of the corporate entity defendants and is the person primarily responsible for the wrongdoing alleged herein." (CAC ¶ 168.) At the time of filing, Plaintiffs maintained Black resides in California and in the Central District. (*Id*.) Ms. Black is actively involved as the spokesperson extolling the virtues of the FasciaBlaster. (*Id*.)

Plaintiffs maintain that all other defendants are corporate entities owned and controlled by Ms. Black, but the precise role of each defendant in the alleged wrongdoing is unclear, and hence will be the subject of discovery. (CAC ¶ 169.)

---

No. 2:13-CV-07461-ODW (JCx), 2014 WL 2440008, at *1 (C.D. Cal. May 30, 2014) (noting brief stricken for violating Local Rule 11-6).

Ashley Black Company ("ABC") is a corporation with its principal place of business in Texas, and "is jointly responsible for the manufacture, marketing, advertising[,] and distribution of the FasciaBlaster throughout the United States. [ABC] created and/or authorized the false, misleading[,] and deceptive statements about the FasciaBlaster."  (CAC ¶ 170.)

Defendant ADB Interests, LLC ("ADB Interests") is a Texas company based in Pearlman[sic], Texas.  (CAC ¶ 171.)  ADB is "identified as the owner of the Ashley Black website that carries the misrepresentations." (CAC ¶ 171.)

Defendant ADB Innovations, LLC ("ADB Innovations") "identifies itself in corporate literature as the source of some of the Ashley Black products and is the source of one of the disclaimers about the products." (CAC ¶ 172.)

Defendant Ashley Black Guru is also located in Pearland, Texas, and "identifies itself as a copyright holder on certain corporate literature on the Ashley Black website."  (CAC ¶ 173.)

Defendant Ashley Diana Black International Holdings, LLC, ("ADBIH") is a Delaware corporation, "based, on information and belief, in Pearland, Texas." ADBIH "is the holder of certain intellectual property concerning the FasciaBlaster." (CAC ¶ 174.)

Defendant Ashley Black Fasciology, LLC, is "another corporate entity controlled by Ashley Black."  The exact role of this entity in marketing and sale of the FasciaBlaster is unknown.  (CAC ¶ 175.)

Plaintiffs filed this suit in California State Court on October 23, 2017.  (Notice of Removal Ex. A, ECF No. 1-3.)  Defendants removed the matter on January 5, 2018. Plaintiffs filed a consolidated complaint under the Class Action Fairness Act on April 17, 2018, alleging thirty-five causes of action, which include violations of the Magnuson-Moss Warranty Act, Song-Beverly Act, California Business and Professions Code, Consumer Legal Remedies Act, as well as express and implied warranty violations under the laws of at least eight states.  (CAC ¶¶ 249–578.)  On

August 14, 2018, Defendants filed their Motions to Dismiss (ECF Nos. 45–48) and added another Motion to Dismiss and Strike on August 16, 2018. (ECF Nos. 63–64.) The Motions were taken under submission on December 4, 2018. (ECF No. 93.)

### III. DISCUSSION

#### A. SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See e.g.*, U.S. Const. Art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Also, a court has subject matter jurisdiction pursuant to Class Action Fairness Act ("CAFA ") when any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d).

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). A facial attack is based on the challenger's assertion that the allegations in the complaint are "insufficient on their face to invoke federal jurisdiction." *Id.* A factual attack disputes the validity of allegations that, if true, would invoke federal jurisdiction. *Id.* In resolving a facial attack, a court must consider the allegations of the complaint as true. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air*, 373 F.3d at 1039) ("A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'").

Here, the Court determines facially that it has subject matter jurisdiction. Plaintiffs assert that the Court has subject matter jurisdiction under the Magnuson-Moss Warranty Act and CAFA because: (1) this is a class action involving thousands of class members; (2) Plaintiffs are citizens of the States of California, Florida, Nevada, Arizona, Louisiana, Mississippi, New York and Ohio; Defendants are citizen of the States of Texas and California; and on information and belief more than two-thirds of class members reside outside of California; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs. (CAC ¶ 9); 15 U.S.C. § 2301; 8 U.S.C. § 1332(d). Moreover, Defendants removed this case from Los Angeles Superior Court under CAFA; accordingly, Defendants do not challenge the Court's jurisdiction under CAFA. (*See* Notice of Removal ¶ 3.) Hence, for purposes of transfer the Court determines that it has subject matter jurisdiction. *See Bookout v. Beck*, 354 F2d 823, 825 (9th Cir. 1965) ("jurisdiction must be first found over the subject matter and the person before one reaches venue.").

**B.** **SERVICE**

**1. Adequacy of Service Under 12(b)(4)**

Defendants seek dismissal of claims brought against Ashley Black Fasciology, LLC, Ashley Black Guru, ABC, and Ashley Black individually, maintaining that the Plaintiffs failed to serve these entities and Ms. Black. (Mot. to Dismiss Pursuant to 12(b)(4)–(5) ("Mot. II") 1, ECF No. 47.)

Under Federal Rule of Civil Procedure 12(b)(4) a party may seek dismissal of a complaint for insufficient process. The sufficiency of process is governed by Federal Rule of Civil Procedure 4, which requires, among other things, that a summons "name the court and the parties" and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A), (B). The Ninth Circuit has held that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Thus, "[e]ven if the summons fails to name all of the

defendants, . . . dismissal is generally not justified absent a showing of prejudice." *Id*. (citations omitted). If service of process is insufficient, the district court has discretion to dismiss an action or quash service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

Here, Defendants do not contend that the lack of service is prejudicial, arguing instead that the Court lacks jurisdiction because the Plaintiffs did not serve the aforementioned individuals and entities within ninety days as required by Federal Rule of Civil Procedure 4(m). (Mot. II 1–2.) In the absence of prejudice, dismissal is not warranted. *See Alcatel-Lucent USA, Inc. v. Dugdale Commc'ns, Inc.*, No. CV 09-2140 PSG (JCx), 2009 WL 3346784, at *3 (C.D. Cal. Oct. 13, 2009) (finding that dismissal was not warranted in the absence of prejudice). Thus, Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(4) is **DENIED**.

### 2. Whether Service was Proper Under 12(b)(5)

Under Federal Rule of Civil Procedure 12(b)(5), a party may seek dismissal of a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "Once service is challenged, [the] plaintiff[] bear[s] the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Pursuant to Rule 4(e)(1), an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P 4(e)(1). The California Code of Civil Procedure permits "summons [to] be served in a manner which is reasonably calculated to give actual notice to the party to be served." Cal. Civ. Proc. Code § 413.30.

The Ninth Circuit, considering service on foreign defendants, found that service by email may be reasonably calculated to apprise a defendant without an "office [ ]or a door" of the pendency of an action and afford it an opportunity to respond. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017–18 (9th Cir. 2002). Other courts have also approved of service by messages to social media accounts. *Shinde v.*

*Nithyananda Found.*, No. EDCV 13-00363-JGB (SPx), 2014 WL 12597121, at * 6–7 (C.D. Cal. Aug. 25, 2014) (service via Facebook). A party utilizing service through email or social media must usually show that the party to be served "cannot with reasonable diligence be served in another manner." *See Kohler v. Domainjet, Inc.*, No. 11-cv-1767-BEN MDD, 2012 WL 716883, at *2 (S.D. Cal. Mar. 5, 2012) (citing Cal. Civ. Proc. Code § 415.50(a)(1)). "Reasonable diligence" means that "the plaintiff 'took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances.'" *Torrison v. Thompson*, No. 2:12-CV-6939-ODW (MRWx), 2013 WL 12205580, at *2 (C.D. Cal. Sept. 16, 2013) (quoting *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978)).

Here, on December 5, 2017, Plaintiffs attempted to serve Ms. Black personally at three different locations in Manhattan Beach, California, and Hermosa Beach, California. (Pls.' Opp'n to Mot. II ("Opp'n II") 2–3, ECF No. 81; Decl. of Perrin F. Disner in Supp. of Opp'n II, ("Disner Decl. II") ¶¶ 2–3, ECF No. 82.) Plaintiffs maintain that Ms. Black's social media accounts indicated her city of residence as Tamarindo, Costa Rica, fact allegedly publicly offered by Ms. Black. (Opp'n II 2; Disner Decl. II ¶ 5.) Plaintiffs also indicate that the original lawsuit was publicly posted online in multiple Fasciablaster-themed Facebook discussion groups within twenty-four hours of filing, and that Ms. Black made a public statement regarding the lawsuit that was posted at www.AshleyBlackLawsuits.com. (Disner Decl. II ¶ 7.)

The Court finds that service by posting the Complaint on Facebook was reasonably calculated to provide Black with actual notice of this action. *See Shinde*, 2014 WL 12597121, at * 6–7. Here, Plaintiffs have been unable to locate and serve Ms. Black personally after repeated attempts to do so. The Court finds this is sufficient to show that Ms. Black "cannot with reasonable diligence be served" through non-electronic means. *See Kohler*, 2012 WL 716883, at *2 (finding reasonable diligence after private investigator could not find valid physical address at which to effectuate service). Further, Ms. Black's social media accounts are actively

used. *St. Francis Assisi v. Kuwait Fin. House*, No. 3:16-cv-3240-LB, 2016 WL 5725002, at *2 (N.D. Cal. Sep. 30, 2016) (allowing service by Twitter when party "has an active Twitter account and continues to use it to communicate with his audience"). Here, Ms. Black publicly referenced this lawsuit on the internet to communicate with her audience and share her view on the lawsuit. (Opp'n II 3–4.) Under these circumstances, the Court finds that service by social media is the best method for providing actual notice to Ms. Black, and service was therefore proper.

Accordingly, Defendants' Motion to Dismiss for insufficient service of process (ECF No. 47) is **DENIED**.

### C. PERSONAL JURISDICTION

Defendants move to dismiss for lack of personal jurisdiction under 12(b)(2), arguing that the Complaint fails to establish general jurisdiction over any Defendant because they are not "at home" in California. (Mot. to Dismiss Pursuant to 12(b)(2) ("Mot. I") 8–9, ECF No. 46.) Defendants also argue that the Court lacks specific personal jurisdiction due to a lack of minimum contacts by all Defendants generally, and ADBIH specifically. (Mot. I 9–14.) Finally, Defendants maintain that the Court lacks specific personal jurisdiction over California claims made by class members who reside outside California. (Mot. I 13–17.)

A party seeking to establish jurisdiction over a person or entity can either: (1) show each defendant's sufficient, direct contacts with the forum state, or (2) use the alter ego theory to "extend personal jurisdiction to a foreign parent or subsidiary when, in actuality, the foreign entity is not really separate from its domestic affiliate." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015). The party asserting jurisdiction bears the burden to establish jurisdictional facts. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). When the party invoking jurisdiction does not ask for jurisdictional discovery, courts must evaluate whether the "pleadings and affidavits establish a prima facie showing of jurisdictional facts." *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1286 (9th Cir. 1977). Accordingly, the party

asserting jurisdiction cannot "simply rest on the bare allegations of its complaint"; however, "uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). "California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." *Id*. "There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction." *Id.* at 1016. The Court begins with general personal jurisdiction before addressing specific jurisdiction.

### 1. General Jurisdiction

A federal court can exercise general personal jurisdiction as to defendants domiciled within the forum state at the time the action is commenced even if they are absent from the state. *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011). "Residence" is simply the place where one lives, even temporarily, and regardless of intent to remain. *Williams v. North Carolina*, 325 U.S. 226, 229 (1945). On the other hand, "domicile" is the place where one resides with the intent to remain indefinitely. *Id*. A corporation will be deemed "domiciled" in its state of incorporation or where it has its principal place of business. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Only in "exceptional case" will a corporation be deemed "at home" for purposes of general jurisdiction anywhere other than place of incorporation and principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014); *see Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1781 (2017) (California court lacked personal jurisdiction over claims by non-California residents against pharmaceutical company despite company's extensive sales, marketing and research in California).

In the Consolidated Amended Complaint, Plaintiffs maintain that the Court has

general jurisdiction because Defendant Ashley Black resides in California in this district;[2] is the founder and principal owner of Defendant corporate entities; and "is the person primarily responsible for the alleged wrongdoing." (CAC ¶¶ 168–69.) Moreover, Plaintiffs assert that each corporate entity is owned by Ms. Black and does not possess independent corporate existence. (Pl.'s Opp'n to Mot. I ("Opp'n I") 2, ECF No. 77.) Yet, Plaintiffs provide no other factual allegations to establish Ms. Black's domicile. (*See generally* CAC.)

The Court determines that Plaintiffs have not satisfied the "exacting" standard necessary to establish general jurisdiction over Ms. Black or any corporate entity, as they have offered no evidence demonstrating that Ms. Black is domiciled in California or that any entity is registered or incorporated to do business in the state, has staff in California, has a registered agent for service of process, or pays state taxes. *See, e.g.*, *Goodyear*, 564 U.S. at 920–21; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 411 (1984).

### 2. Alter Ego

Even if the Court found general jurisdiction over Ms. Black, the alter ego theory does not succeed in conveying that jurisdiction to the corporate Defendants because Plaintiffs have fails to sufficiently allege alter ego for the reasons that follow.

The "alter ego rule" is an exception to the general jurisdiction rule, which "may be used to extend personal jurisdiction to a foreign parent or subsidiary when, in actuality, the foreign entity is not really separate from its domestic affiliate." *Ranza*, 793 F.3d at 1073 (emphasis omitted). To satisfy this test, "a plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." *Id.* (quotation marks and alterations omitted).

---

[2] Plaintiffs note that they alleged Ms. Black resided in California at the time the acts and omissions occurred and note that Ms. Black now resides in Costa Rica. (Opp'n II 2.)

"The 'unity of interest and ownership' prong of this test requires a showing that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former." *Id.* (internal quotation marks omitted). "This test envisions *pervasive control* over the subsidiary, such as when a parent corporation dictates every facet of the subsidiary's business—from broad policy decisions to routine matters of day-to-day operation." *Id.* (internal quotation marks omitted; emphasis added).

Routine interaction and coordination between a parent and its subsidiary is not "pervasive control." *See, e.g., Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 983 (N.D. Cal. 2016) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 928 (9th Cir. 2001)) (discussing that, so long as corporate formalities are observed, "an active parent corporation involved directly in decision-making about its subsidiaries' holdings" is insufficient to overcome presumption of corporate separateness). Indeed, even "[t]otal ownership and shared management personnel are alone insufficient to establish the requisite level of control." *Ranza*, 793 F.3d at 1073.

Here, Plaintiffs contend that Ms. Black dictates every facet of the corporate Defendants' day-to-day operations, which is allegedly highlighted by Defendants' counsel indicating that other Defendants are referenced as "an Ashley Black Company." (Opp'n I 3.) Defendants argue that the Court need not accept Plaintiffs' controverted assertions, while ignoring that factual disputes shall be resolved in Plaintiffs' favor. (Defs.' Reply to Pls.' Opp'n to Mot. I ("Reply I") 3, ECF No. 88.) Even with this benefit, Plaintiffs' argument fails because it is merely a conclusory allegation buttressed by describing a parent-subsidiary relationship. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1021–22 (9th Cir. 2017) (finding the plaintiff's conclusory allegations insufficient to establish prima facie case that parent and subsidiary were alter egos). Establishing alter egos requires more, and Plaintiffs have failed to establish the pervasive control necessary to establish a unity of interest. *Id.* (noting that a plaintiff must assert factual allegations regarding the nature of the

parent-subsidiary relationship that show pervasive control to establish a prima facie case of alter egos). Accordingly, even if the court found general jurisdiction over Ms. Black, Plaintiffs' alter ego theory fails.

### 3. Specific Jurisdiction

As a threshold matter, the Court must consider the personal jurisdiction of all entities. *Calder v. Jones*, 465 U.S. 783, 790 (1984); *Holland Am. Line Inc. v. Wärtsilä North America, Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) ("where a parent and a subsidiary are separate and distinct corporate entities, the presence of one . . . in a forum state may not be attributed to the other"). Accordingly, the Court must determine whether Plaintiffs have established specific jurisdiction for each Defendant and may not attribute specific jurisdiction from one Defendant to another. *Holland Am. Line*, 485 F.3d at 459.

Also, Plaintiff acknowledge that the Court has only pendant personal jurisdiction over Defendants for the non-California claims of non-California named Plaintiffs. (Opp'n I 5.) Therefore, this Court may only exercise pendent personal jurisdiction over those claims.[3] *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015); *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004). However, to exercise pendent personal jurisdiction the court must first have jurisdiction over Defendants for the California-claims that are brought by California named Plaintiffs. *Picot v. Weston*, 780 F.3d at 1211.

Under the Ninth Circuit's three-prong test, a court may exercise specific personal jurisdiction over a non-resident defendant when:

> (1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or

---

[3] Defendants argue that the Court has no basis for asserting pendent personal jurisdiction because Plaintiffs' federal claims do not allow nationwide personal jurisdiction, as required by *Action Embroidery Corp.* (Reply I 8.) However, the Ninth Circuit does not require nationwide personal jurisdiction to assert pendent personal jurisdiction; rather "the district court may exercise pendent personal jurisdiction over any remaining claims that arise out of the same 'common nucleus of operative facts' as the claim for which jurisdiction exists." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015); *CE Distrib. v. New Sensor Corp.*, 380 F.3d 1107, 1113 (9th Cir. 2004).

perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

The plaintiff bears the burden of satisfying the first two prongs of the test. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. *Boschetto*, 539 F.3d at 1016. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

As Plaintiffs allege that Defendants promote the FasciaBlaster online primarily, personal jurisdiction in the internet website context is particularly relevant here. "In the internet context, the Ninth Circuit utilizes a sliding scale analysis under which 'passive' websites do not create sufficient contacts to establish purposeful availment, whereas interactive websites may create sufficient contacts, depending on how interactive the website is." *j2 Cloud Servs., Inc. v. Fax87*, No. 13-05353 DDP (AJWx), 2017 WL 1535083, at *6 (C.D. Cal. Apr. 27, 2017). In determining interactivity, the critical inquiry is the "nature and quality," not merely the quantity, of the contacts. *Am. Auto. Ass'n, Inc. v. Darba Enterprises Inc.*, No. C 09–510 SI, 2009 WL 1066506, *4 (N.D. Cal. Apr. 21, 2009) (quoting *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418–19 (9th Cir. 1997).

Here, Plaintiffs' argue that Defendants have purposefully availed themselves by "conduct[ing] and transact[ing] business in the State of California, contract[ing] to supply goods within the State of California, and supply[ing] goods within the State of California." (CAC ¶ 10.) However, Plaintiffs fail to discriminate with any specificity

as to which of the named corporate Defendants have purposefully directed its activities at the forum state by way of the alleged websites, leaving the Court to speculate as to which Defendant availed itself. This is insufficient. *Holland Am. Line*, 485 F.3d at 459 (a plaintiff must establish specific jurisdiction for each defendant and may not attribute specific jurisdiction from one defendant to another).

Without a further showing, Plaintiffs have not demonstrated which, if any, corporate Defendants have purposefully availed themselves, byway of the alleged websites, to the State of California. *Nutrition Distrib. LLC v. Bigdansfitness, LLC*, No. 17CV00920 JAH-MDD, 2018 WL 1108041, at *3 (S.D. Cal. Feb. 26, 2018) (finding conclusory allegations that defendant's website was sufficiently interactive to create requisite contacts is insufficient to establish purposeful availment). Accordingly, Plaintiffs have failed to plead adequate facts as to each corporate Defendant, necessary to satisfy the first prong. *See Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (finding conclusory allegations that defendants "directed communication into the [forum state] and otherwise conducted business therein" insufficient to make a prima facie showing of personal jurisdiction).

By failing to satisfy the first prong, Plaintiffs have failed to establish that this Court has specific personal jurisdiction over Defendants. *See Boschetto*, 539 F.3d at 1016. Accordingly, because this Court lacks personal jurisdiction over Defendants, it may not exercise pendent personal jurisdiction over non-California Plaintiffs' claims. *Picot*, 780 F.3d at 1211 (personal jurisdiction must exist over one claim to exercise pendent personal jurisdiction over claims that lack personal jurisdiction).

### D. DISMISSAL OR TRANSFER

As the Court lacks personal jurisdiction over Defendants, it must determine whether to dismiss or transfer the action. *See* 28 U.S.C. § 1631. Pursuant to section 1631, a court lacking jurisdiction shall transfer the action to a court in which it could have been brought when filed, if transfer is in the interest of justice. *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). "Normally transfer will be in the

interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Id*. Here, all Defendants are domiciled in Houston, Harris County, Texas. (Decl. of John Ketter ¶ 10, ECF No. 49.) Pursuant to 28 U.S.C. §§ 1631 and 1404(a), the Court finds that transfer is appropriate to the Southern District of Texas, Houston Division because all of the Defendants are subject to general personal jurisdiction in the state of Texas. Moreover, dismissal of this action would not serve the interest of justice here because transfer is proper. *Miller*, 905 F.2d at 262.

Therefore, the court **DENIES** Defendants' motion to dismiss pursuant to 12(b)(2), and instead **TRANSFERS** the matter to the Southern District of Texas. (ECF No. 46.)

### IV. CONCLUSION

For the reasons discussed above, the Court **STRIKES** Defendants' motions to dismiss and to strike (ECF Nos. 63–64); **DENIES** Defendants' motion to dismiss for insufficient process and failure to timely serve (ECF No. 47); and **DENIES** Defendants' motion to dismiss for lack of personal jurisdiction (ECF No. 46), but instead **TRANSFERS** the matter to the Southern District of Texas. Accordingly, the Clerk of Court shall **TRANSFER** the action to the United States District Court, Southern District of Texas, Houston Division, 515 Rusk Street, Houston, TX 77002. Motions to Dismiss (ECF Nos. 45, 48) are **DENIED** without prejudice in light of the Courts order to transfer.

**IT IS SO ORDERED.**

September 25, 2019

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**